IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEROY SHEPHERD, <br> Plaintiff, <br><br> vs. <br><br> FEDERAL BUREAU OF PRISONS; <br> WARDEN RONNIE R. HOLT, FPC Canaan; <br> LIEUTENANT SNOW; UNIT MANAGER <br> GIBSON; COUNSELOR ROBERTS; <br> PSYCHOLOGIST DR. COOK; CAMP <br> ADMINISTRATOR KIM STRAESSER; <br> SENIOR OFFICER SHARP; SENIOR <br> OFFICER TAMANO; RDAP <br> COORDINATOR, DRUG TREATMENT <br> SPECIALIST, Individually and in their <br> Official capacities, <br> Defendants. | Civil Action No. 11-26J <br> Judge Kim R. Gibson <br> Magistrate Judge Maureen P. Kelly |

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

Plaintiff Leroy Shepherd, a pro se federal prisoner currently incarcerated at the Gilmer Federal Correctional Institute in Glenville, West Virginia, filed a civil rights Complaint, an Amended Complaint and an "Eighth Amendent Complaint" in the United States District Court for the Western District of Pennsylvania for claims arising out of his treatment at the United States Penitentiary Canaan in Waymart, Pennsylvania. [ECF Nos. 5, 16, 19]. Defendants have filed a Motion to Dismiss, or in the Alternative, to Transfer for Improper Venue [ECF No. 48], asserting that venue in this Court is improper because Plaintiff's claims arose entirely within the territorial boundaries of the United States District Court for the Middle District of Pennsylvania and all served Defendants reside therein.

1

Upon review of the record in this case, and the briefs filed in support and opposition to the Motion to Dismiss, and for the reasons that follow, it is respectfully recommended that the Motion to Dismiss be denied, but that the Court grant Defendant's alternative Motion to Transfer Plaintiff's action to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Amended Complaint alleges that, on or about April 19, 2009, while he was a federal inmate residing at the United States Penitentiary Canaan in Waymart, Pennsylvania, Defendant Cook unlawfully rescinded his status of "Drug Education Exempt" without basis and without providing prior notice. Plaintiff alleges that after filing administrative remedies to complain of the change in his drug education status, Defendants Holt, Cook, Roberts, Tamaino, Sharp and Gibson retaliated against him by keeping the lights in his housing unit illuminated 24 hours each day and by ensuring that he remain at the lowest pay grade available to inmates assigned to work details. Plaintiff alleges that Defendants' conduct violates his rights under the First and Eighth Amendments to the United States Constitution.

Defendants assert that dismissal is appropriate for improper venue pursuant to Rule 12 (b)(3) of the Federal Rules of Civil Procedure or, in the alternative, that transfer is appropriate because Plaintiff's claims arise out of his treatment at a facility wholly within the territorial boundaries of the United States District Court for the Middle District of Pennsylvania. In addition, each of the named Defendants successfully served in this action resides within the territorial boundaries of the Middle District.

Defendants have produced the Declaration of Erika Fenstermaker, a Legal Assistant employed by the Federal Bureau of Prisons at the United States Penitentiary Canaan, who states that Canaan is entirely located within the Middle District of Pennsylvania and that all of the Defendants, with the exception of Defendant Roberts and Defendant Snow, reside within the territorial boundaries of the Middle District of Pennsylvania. [ECF No. 49-1]. With regard to Defendant Roberts, Fenstermaker indicates that he has retired and to her knowledge, no longer resides in the Commonwealth of Pennsylvania. Id. Fenstermaker further indicates that there is no record of a Defendant "Lieutenant Snow" working at Canaan. Id. The docket in this action shows that neither Roberts nor Snow have been served and Plaintiff has made no attempt to redirect service to either Defendant.

B. DISCUSSION

Plaintiff alleges violations of the United States Constitution, which form the basis for the Court's jurisdiction; accordingly 28 U.S.C. § 1391(b) defines the proper venue, and provides that an action should:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391 (b). When it appears that a case has been brought in the wrong venue, there are two potential remedies available to the Court. First, the Court may dismiss the action for lack of venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the interest of justice, the Court may transfer the action to a venue that is proper. 28 U.S.C. § 1406.

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that "a party may assert

3

the following defenses by motion: ... (3) improper venue." In ruling on a Rule 12(b)(3) motion, "[w]e accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits." Kimmel v. Phelan Hallinan & Schmieg, PC, 847 F. Supp.2d 753, 759-60 (E.D. Pa. 2012) (*quoting* Bockman v. First Am. Mktg. Corp., 2012 WL 171972, at *1 n. 1 (3d Cir. 2012)). As the United States Court of Appeals for the Third Circuit has explained, the defendant bears the burden of showing that the chosen venue is improper or, in the alternative, that transfer to another district is justified for other reasons. Myers v. American Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982).

Here, it is clear that Plaintiff has brought his action in the wrong venue. Plaintiff alleges claims that arose entirely within the boundaries of the Middle District of Pennsylvania. Further, the Fenstermaker declaration, which is not challenged in any manner by Plaintiff, establishes that none of the Defendants resides within the boundaries of this judicial district. Accordingly, pursuant to 28 U.S.C. § 1391(b), venue does not properly lie in the Western District of Pennsylvania.

In opposition to the Motion, Plaintiff contends that the defense of improper venue has been waived by the untimely filing of the Motion to Dismiss. [ECF No. 50]. However, the docket entries in this action reveal that based upon the date of the return of service papers in this action, an Answer or Motion to Dismiss was initially due no later than April 16, 2012, or May 21, 2012, [ECF Nos. 28 – 37, 41 – 46], and that, to date, Defendants Roberts and "Lieutenant Snow" have not been served. [ECF Nos. 26-27]. On April 17, 2012, this Court granted Defendants' timely Motion for Extension of Time to File Answer or Otherwise Respond to Plaintiff's Amended Complaint [ECF Ns. 39, 40], providing Defendants until May 31, 2012 to respond to Plaintiff's Complaint. Subsequently, on May 30, 2012, this Court granted

Defendants' Timely Motion for Enlargement of Time in Which to Answer, Plead or Otherwise Respond to Amended Complaint, extending the due date to June 14, 2012. Defendant's Motion to Dismiss was filed timely on June 14, 2012. Accordingly, Defendants have not waived improper venue.

Plaintiff also contends that at the time his action was filed, he was incarcerated at a facility in Loretto, Pennsylvania, within the boundaries of the Western District of Pennsylvania. However, the location of his incarceration at the time of filing does not control venue; instead, as provided in 28 U.S.C. § 1391(b), venue is proper in the judicial district where Plaintiff's claims arose or where Defendants reside. Plaintiff's temporary incarceration in the Western District of Pennsylvania is irrelevant to a determination of the proper venue for his suit.

Rather than dismiss Plaintiff's action, however, in the interest of justice, given his pro se status, it is recommended that this action be transferred to the United States District Court for the Middle District of Pennsylvania. See, 28 U.S.C § 1406(a); 28 U.S.C. § 1404(a).

In ruling on motions to transfer venue, courts apply a multi-factor test, weighing private and public interests, to determine whether transfer under Section 1404(a) is appropriate. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879–80 (3d Cir. 1995). The private interests include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claims arose; (4) the convenience of the parties given their relative physical and financial condition; (5) the convenience of the witnesses to the extent they may be unavailable for trial in a given forum; and (6) the location of books and records to the extent they could not be produced in the alternative forum. Id. at 879. The public interests include: (1) the enforceability of the judgment; (2) practical considerations of trial logistics; (3) the relative court congestion of the two fora; (4) the local interests of each forum in deciding local controversies; (5) the public policies of the fora;

and (6) the judges' relative familiarity with the applicable law. Id.

Here, Plaintiff claims that he would prefer that the action remain with this Court because in the event of a trial, he would not have "to travel shackled and handcuffed for ten hours." [ECF No. 50, p.1]. In the event this action goes to trial, however, this rationale is unavailing when compared to the relative costs and inconvenience to all other parties, witnesses and counsel of trying this action in the Western District.

First, the claims arose in the Middle District; second, with the exception of two Defendants not yet served, all Defendants reside in the Middle District and it is likely that all witnesses are located there. Third, given Plaintiff's pro se status, he will not bear the expense of transportation to the Middle District, and the cost of litigating his action in the Western District to all other parties and witnesses will be disproportionate to any asserted benefit. Finally, both districts are equally familiar with Plaintiff's constitutional claims and bear an equal burden in adjudicating pro se prisoner civil rights actions. Having considered the factors governing venue, it is recommended that the Clerk should be ordered to transfer this case forthwith to the United States District Court for the Middle District of Pennsylvania because venue is more proper therein.

### D. CONCLUSION

For the foregoing reasons, is respectfully recommended that the Motion to Dismiss, or in the Alternative, to Transfer for Improper Venue [ECF No. 48] be denied in part and granted in part, and the Clerk ordered to transfer this case forthwith to the United States District Court for the Middle District of Pennsylvania.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule

established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2

Respectfully submitted,

/s/ Maureen P. Kelly
United States Magistrate Judge

cc: The Honorable Kim R. Gibson
United States District Judge

All counsel of record by Notice of Electronic Filing

Leroy Shepherd
08208-040
FCI Gilmore
P.O. Box 7000
Glenville, WV 26351